Filed 12/24/14  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEANDRE SMITH,<br><br>    Defendant and Appellant. | C076156<br><br>(Super. Ct. No. 13F03974) |

Appointed counsel for defendant Deandre Smith asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no arguable error that would result in a disposition more favorable to defendant, but we have identified an error in the award of presentence credit, and we have also identified clerical errors in the abstract of judgment.

1

We will modify the judgment, affirm the judgment as modified, and direct the trial court to prepare an amended and corrected abstract of judgment.

I

Because the matter was resolved by plea and defendant waived referral to the probation department, the facts are taken from the prosecutor's statement of the factual basis for the plea.  In July 2008, defendant was convicted of possession of cocaine base for sale.  (Health & Saf. Code, § 11351.5.)  Then, on June 22, 2013, defendant and a female companion were in a car outside a café in Sacramento County.  Defendant removed a gun from his waistband and the gun accidentally discharged.  Defendant's hand was injured and a bullet passed through both of the female's legs.

Defendant pleaded guilty to possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1))[1] and admitted that he personally inflicted great bodily injury in the commission of the offense (§ 12022.7, subd. (a)).  In exchange, the trial court dismissed an allegation that defendant committed the offense while released from custody on a primary offense.  (§ 12022.1.)  The trial court sentenced defendant to the low term of 16 months in prison, plus three years for the great bodily injury enhancement.  It also awarded 273 days of custody credit and 40 days of conduct credit (§ 2933.1) and ordered defendant to pay a $280 restitution fine (§ 1202.4), a $280 parole revocation fine (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of

---

[1] Undesignated statutory references are to the Penal Code.

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, our review of the record identified an error in the award of presentence credit. Defendant was in custody from the date of the offense (June 22, 2013) through the date of sentencing (Jan. 16, 2014), a period of 209 days. When the trial court clerk noted that defendant "has 209 days actual" for the period, defense counsel said, "[H]e has more than that, and I'll tell you why. The case was dismissed and refiled, and because of that he had credits from the time prior to that. [¶] So I calculate -- he was arrested on June 22nd, and he's been doing time on this case since June 22nd. I calculate 273 actual with 40 good time for a total of 313 days of credit." The prosecutor indicated that defense counsel's calculation seemed right.

Defense counsel correctly reasoned that defendant was entitled to presentence custody credit from the date of the arrest through the date of sentencing. But the clerk had correctly calculated that amount as 209 days. The dismissal and refiling of the case did not entitle defendant to custody credit exceeding the period of his presentence confinement. We will modify the judgment to award defendant 209 days of custody credit and 31 days of conduct credit.

We have also identified two clerical errors on the abstract of judgment. In part 4, the boxes indicating a prison sentence "due to" "current or prior serious or violent felony" (§ 667.5, subd. (c)(8), 12022.7) must be checked. And in part 16, "CREDIT FOR TIME SERVED," "CASE A," the box for section 2933 must not be checked and the box for section 2933.1 must be checked. We will order correction of the abstract of judgment.

3

DISPOSITION

The judgment is modified to award defendant 209 days of custody credit and 31 days of conduct credit. The judgment is affirmed as modified. The trial court is directed to prepare an amended and corrected abstract of judgment reflecting the judgment as modified, and also correcting the following: in part 4, the boxes indicating a prison sentence due to current violent felony (§ 667.5, subd. (c)(8), 12022.7) must be checked, and in part 16, the box for section 2933 must not be checked and the box for section 2933.1 must be checked. The trial court is further directed to forward a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                                                MAURO                    , J.


We concur:


            ROBIE            , Acting P. J.


            HOCH            , J.

4